

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-24-2005

# Hartono v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1036

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Hartono v. Atty Gen USA" (2005). *2005 Decisions.* Paper 365.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/365

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-1036

———

ANDI HARTONO,
                    Petitioner

v.

ALBERTO R. GONZALES,
Attorney General of the United States,[*]
                    Respondent

———

Petition for Review of an Order
of the Board of Immigration Appeals
(No. A78-725-291)

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
Date: October 21, 2005

Before:   SCIRICA, Chief Judge, VAN ANTWERPEN and ALDISERT, Circuit Judges

(Filed October 24, 2005)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge

---

[*] Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney
General of the United States pursuant to Fed. R. App. P. 43(c)(2).

Andi Hartono, a native and citizen of Indonesia, files a petition for review from a final order of the Board of Immigration Appeals ("BIA"), which adopted and affirmed the decision of the Immigration Judge ("IJ") denying his application for asylum and withholding of removal. We must decide whether the BIA, in affirming the IJ, properly denied Hartono's applications for asylum and withholding of removal. We have jurisdiction to review the BIA's order pursuant to 8 U.S.C. § 1252. We will deny the petition.

## I.

Because we write only for the parties who are familiar with the facts, the procedural history and the contentions presented, we will not recite them except as necessary to the discussion.

## II.

Hartono is a Christian Indonesian of Chinese ethnicity, who testified that he had been subject to harassment by native Indonesians since junior high school on account of his ethnicity. He testified to four separate instances of harassment and alleged persecution. First, Hartono testified that in 1984, twelve Indonesians stopped him on a road while he was riding a motorcycle, punched him and robbed him of a necklace. Second, he testified also that during high school, students from another school periodically stopped him and demanded money from him. Third, he complained of general rioting at soccer games by "bad people" on or about May 1998 and that outbreaks

2

of rioting in the city of Balung degenerated into anti-Chinese violence against him. Fourth, and finally, he said that ten Muslim Indonesians stopped him on a road while he was riding a motorcycle, called him "Chinese" and demanded money from him. In this altercation he testified that the men punched him, robbed him of his wallet, struck him with a stick and broke his teeth.

As a result of this last incident, he said that he spent one week in the hospital. Upon release from the hospital, in fear for his life, Hartono applied for a tourist visa at the United States embassy in June 1998, and entered the United States on July 10, 1998. At no time did he seek to extend this visa.

III.

Because the BIA adopted and affirmed the IJ's decision with additional comment, we review both the decision of the BIA and the IJ. Abdulai v. Ashcroft, 239 F.3d 542, 548-549 (3d Cir. 2001). Whether a petitioner has demonstrated past persecution or a clear probability of future persecution is a factual determination subject only to the highly deferential substantial evidence standard. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 483-484 (1992); Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). "The administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (codifying Elias-Zacharias, 502 U.S. at 483-484).

IV.

3

We do not have jurisdiction to review the BIA's denial of Hartono's application for asylum as untimely. To be considered for asylum relief, an alien must "demonstrate by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. §1158(a)(2)(B). Furthermore, courts lack jurisdiction to review determinations made by the Attorney General as to the timeliness of such applications. 8 U.S.C. §1158(a)(3); Tarrawally v. Ashcroft, 338 F.3d 180, 185-186 (3d Cir. 2003).

Hartono entered the United States on July 10, 1998, but did not apply for asylum until November 24, 2000. The BIA noted, in its December 15, 2003 order, that "[Hartono] was authorized to remain until January 10, 1999, but did not file an asylum claim within a reasonable period of time following loss of authorized status." It also determined that Hartono "failed to file an application for asylum by April 1, 1998, or within one year of his last entry, and failed to show extraordinary circumstances relating to the delay or worsened country conditions."[1] We therefore lack jurisdiction to review the BIA's denial of Hartono's asylum petition as untimely.

V.

---

[1] As Hartono did not arrive in the United States until July 10, 1998, the BIA evidently misstated the deadline for his filing an asylum application. Hartono was entitled to file for asylum for one year following July 10, 1998, or a reasonable period of time following the loss of authorized status on January 10, 1999. The BIA's misstatement was harmless error, however.

4

We agree with the BIA and the IJ that Hartono is not entitled to withholding of removal because he failed to show a clear probability that his life or freedom would be threatened on account of persecution if he returned to Indonesia. See I.N.S. v. Stevic, 467 U.S. 407, 429-430 (1984). An alien is entitled to withholding of removal only if he can demonstrate a "'clear probability' that his life or freedom would be threatened in the proposed country of deportation" because of "race, religion, [or] nationality." Tarawally, 338 F.3d at 186. "[C]lear probability means 'more likely than not.'" Id. Under the substantial evidence standard, this Court will uphold the findings of the BIA unless the evidence "not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-484 (3d Cir. 2001).

We are satisfied that the incidents of which Hartono complains do not "rise to the level of persecution because the harm suffered was not sufficiently severe." Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (holding that petitioner, a Chinese Indonesian, did not qualify for asylum relief, a less onerous standard, when petition was based upon repeated incidents of robbery by native Indonesians). The BIA and this Court have adopted a narrow definition of persecution, which "include[s] threats to life, confinement, torture and economic restrictions so severe that they constitute a threat to life or freedom." Fatin v. I.N.S., 12 F.3d 1233, 1240 (3d Cir. 1993). "[P]ersecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Id.

5

Even if we accept as true Hartono's testimony that on numerous occasions he was robbed, sometimes violently, on account of his Chinese ethnicity, the evidence in the record does not compel us to find that these acts either rise to the level of persecution or indicate a clear probability that Hartono's life would be threatened on return to Indonesia. Cf. Lie, 396 F.3d at 536 ("[Petitioner's] account of two isolated criminal acts, perpetrated by unknown assailants, which resulted only in the theft of some personal property and a minor injury, is not sufficiently severe to be considered persecution."). We therefore agree that Hartono may have been the unfortunate victim of robbery by criminals, but we are also in accordance with the BIA and the IJ that these actions do not rise to the level of persecution or indicate a likelihood of future persecution.

## VI.

We have considered all contentions presented by the parties and conclude that no further discussion is necessary. The petition for review will be denied.